UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| HAROLD DOUG MEADOWS, | } |
| Plaintiff, | } |
| v. | } CASE NO. CV 98-B-2821-S |
| UNITED STATES OF AMERICA, | } |
| Defendant. | } |

FILED
99 OCT 12 PM 2:2
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
OCT 12 1999

## MEMORANDUM OPINION

This matter is before the court on defendant's unopposed Motion for Summary Judgment filed on September 1, 1999. In accordance with Exhibit A, Summary Judgment Scheduling Order, attached to the court's June 7, 1999, Scheduling Order, plaintiff was required to file any evidence and his brief in opposition to the Motion within 21 days after the Motion was filed. The plaintiff did not file a response in opposition to the defendant's Motion. In fact, on September 30, 1999, plaintiff filed a Motion to Voluntarily dismiss on the ground that "plaintiff is unable to obtain substantial evidence by expert testimony that any breach of the standard of care proximately caused the injuries to the plaintiff herein." Upon consideration of the record, and the relevant law, the court is of the opinion that defendant's Motion is due to be granted.

Under FED. R. CIV. P. 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See Celotex Corp. V. Catrett*, 477 U.S. 317, 322 (1986). The movant can meet this burden by presenting evidence showing that there is no dispute of material

fact, or by showing that the nonmoving party has failed to present evidence in support of some element of his case on which he bears the ultimate burden of proof. *Celotex*, 477 U.S. at 322-23; *see* FED. R. CIV. P. 56(a) and (b). Once the party has met its burden, Rule 56(e) provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response . . . must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Thus, although a court may not grant a motion for summary judgment simply because the motion goes unopposed, it may do so if summary judgment is otherwise appropriate.

Applying the standards governing summary judgment to the facts of this case, the court concludes that there is no genuine issue as to any material fact, and defendant is entitled to a judgment as a matter of law. Plaintiff has not come forward with **any** evidence, much less evidence showing a dispute as to any factual contention of plaintiff. As noted in defendant's Motion, "[p]laintiff cannot establish a prima facie case of medical malpractice given his failure to disclose expert testimony indicating the applicable standard of care, a breach thereof, and causation of injury." Thus, plaintiff has failed to meet his burden "to go beyond the pleadings and . . . designate 'specific facts showing that there is a genuine issue for trial,'" *Celotex*, 477 U.S. at 324. Consequently, the court holds that defendant's Motion for Summary Judgment is due to be granted.

An Order and Judgment in accordance with this Memorandum Opinion will be entered contemporaneously herewith.

**DONE** this 12th day of October, 1999.

*Sharon Lovelace Blackburn*
**SHARON LOVELACE BLACKBURN**
United States District Judge